IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN D. ALLEMAN, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

YELLOWBOOK, YELLOWBOOK, INC.,
and YP TEL, INC.,

Defendants.                                    12-cv-1300-DRH-PMF

MEMORANDUM and ORDER

HERNDON, Chief Judge

I. Introduction

Now before the Court is defendants Yellowbook Inc. and YPTel, Inc. (defendants')[1] motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 14). Plaintiff John D. Alleman (plaintiff) obviously opposes defendants' motion (Doc. 20). As the Court finds defendants' arguments for dismissal persuasive, the Court **GRANTS** their motion.

II. Background and Allegations

Plaintiff initially filed his class action complaint, alleging defendants placed unsolicited telephone calls to him in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*, in Williamson County, Illinois (Doc. 2-1). Defendants removed plaintiff's amended complaint to this Court on

---

[1] Defendants note that as of January 18, 2013, Yellowbook Inc. was renamed hibu Inc. and YPTel, Inc, was renamed hibuTel Inc.

December 27, 2012 (Doc. 2). Plaintiff's amended allegations state that on November 9, 2010, November 15, 2011, and November 22, 2011, defendants "used a telephone machine, computer, automatic dialing device, or other device" to send the following unsolicited, pre-recorded phone message to plaintiff's personal residence (a "transcript" of which is attached to plaintiff's amended complaint as Exhibit A):

> Hi this is Yellowbook calling to verify that you received your Yellowbook phone directory. If you have not received the new directory or you'd like to request additional books, please contact Yellowbook at 1-888-492-8721 to speak to one of our customer service representatives- again that number is 1-888-492-8721. Thank you for your time. Good bye.

(Doc. 2-2). Plaintiff alleges defendants' prerecorded, unsolicited call was part of a "marketing program" aimed at "potential customers," in violation of the TCPA (*See* Doc. 2-1).

Defendants move to dismiss plaintiff's amended complaint. Defendants argue dismissal is warranted as the message is exempted from the TCPA's coverage for two separate reasons. First, the message is not a commercial message. Second, assuming *arguendo* that the message is commercial in nature, it does not contain an unsolicited advertisement. Thus, the message is exempted from the TCPA's coverage and plaintiff has failed to state a claim upon which the Court may grant relief (Doc. 14). Of course, plaintiff disagrees (Doc. 20).

### III. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which a court can grant relief. *Hallinan v. Fraternal Order of Police*

*Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir. 2009). Documents attached to the complaint are considered part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c).

The Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit has offered further direction on what (post- *Twombly & Iqbal* ) a complaint must do to withstand dismissal for failure to state a claim. In *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008), the Court reiterated: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." Similarly, the Court remarked in *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010): "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007). With these principles in mind, the Court turns to plaintiff's amended complaint.

### IV.     Arguments and Analysis

**1. Defendants' Messages are not Subject to the TCPA**

Congress enacted the TCPA in 1991 intending to "address a growing number of telephone marketing calls and certain telemarketing practices Congress found to be an invasion of privacy." *In the Matter of Rules and Regulations Implementing the TCPA,* 23 FCC Rcd. 559, 560 ¶ 2 (Jan. 4, 2008). Plaintiff's amended complaint relies upon the TCPA's general prohibition of:

> [A]ny telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B). The TCPA delegates authority to the FCC to exempt certain types of calls from the TCPA's prohibition. *See* 47 U.S.C. § 227(b)(2)(B),(C); *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 746 (2012).

Defendants argue two FCC exemptions are relevant to this case: 1. automated calls not made for a commercial purpose, 47 C.F.R. § 64.1200(a)(2)(ii), and 2. calls made for a commercial purpose but which do not "include or introduce an unsolicited advertisement or constitute a telephone

solicitation," 47 C.F.R. § 64.1200(a)(2)(iii), and do not adversely affect the privacy rights of the called party. *See In the Matter of Rules and Regulations Implementing the TCPA,* 18 FCC Rcd. 14014, 14095 ¶ 136 (July 3, 2003) (2003 Order). Defendants note that this Court lacks the authority to review FCC exemptions to the TCPA pursuant to the Hobbs Act, 28 U.S.C. § 2342(1), and thus must apply them to the case at hand. *See CE Design, Ltd. v. Prism Bus. Media, Inc.,* 606 F.3d 443, 446-47 (7th Cir. 2010).

Plaintiff first responds that because his amended complaint alleges that he owned a residential telephone number, he received three telephone messages from defendants, that the messages were prerecorded, and that he did not consent to or solicit the messages, he has pled a *prima facie* claim under the TCPA and defendants' motion should be denied. However, as explained above, the TCPA does not prohibit all prerecorded, unconsented telephone calls. Thus, assuming plaintiff's alleged facts are true, as the Court must at this stage, plaintiff cannot state a claim for relief under the TCPA provided defendants are correct in their argument that on its face, the call at issue was not made for a commercial purpose, or was made for a commercial purpose but does not constitute a unsolicited advertisement or telephone solicitation, as a matter of law.

### a. Commercial Call

As to the parameters of the FCC's exemption of pre-recorded messages not made for a commercial purpose, 47 C.F.R. § 64.1200(a)(2)(ii), the FCC has noted that this exemption covers "calls conducting research, market surveys, political

polling or similar activities which do not involve solicitation as defined by our rules." *In the Matter of Rules and Regulations Implementing the TCPA*, 7 FCC Rcd. 8752, 8774 ¶ 41 (Oct. 16, 1992). Further, defendants note that the FCC has recently listed examples of "purely informational calls," including: "bank account balance, credit card fraud alert, package delivery, and school closing information." *In the Matter of Rules and Regulations Implementing the TCPA,* 27 FCC Rcd. 1830, 1838 ¶ 21 (Feb. 15, 2012). The FCC concluded that prior written consent for "purely informational calls" is not required, as it does not seek to "unnecessarily restrict consumer access" to this information. *Id.*

Defendants argue this call was not "commercial" because it made no attempt to sell plaintiff any commercially available product or service, but merely intended to confirm plaintiff's delivery of the free Yellowbook directory. Defendants stress that they do not even sell products or services to consumers; only businesses. Plaintiff responds that because defendants sell ads to businesses, delivery of the directories results in defendants' direct financial benefit. Thus, the call is "commercial" in nature.

In support, defendants generally cite cases which do not construe the non-commercial call exemption.[2] In *Ashland Hosp. Corp. v. Serv. Emps. Intern. Union, Dist. 1199/WV/KY/OH,* 708 F.3d 737, 744-45 (6th Cir. 2013), a union placed the call at issue. The court noted that the FCC has exempted from the TCPA calls made by tax-exempt non-profit organizations, and calls not made for a

---

[2] Defendants note that they rely on non-controlling case law in light of the lack of Seventh Circuit opinions discussing the dispute in question. In recognition of this fact, the Court also relies on persuasive authority to inform its ruling.

commercial purpose. *Id.* However, neither the union's status as a tax-exempt labor organization, nor the fact the union made its call for a non-commercial purpose were in doubt. *Id.* Thus, *Ashland* does not persuasively inform the dispute in question. *See also Chesbro v. Best Buy Stores, L.P.,* 705 F.3d 913 (9th Cir. 2012) (discussing "dual purpose calls" under 47 C.F.R. § 64.1200(a)(2)(iii)); *Phillips Randolph Enter. LLC v. Adler-Weiner,* 526 F.Supp.2d 851, 852 (N.D. Ill. 2007) (Bucklo, J.) (fax inviting business owners to participate in a research study was not an "unsolicited advertisement" as defined under 47 U.S.C. § 227(a)(5)). The Court appreciates defendants' argument that the call at issue does not promote or encourage the sale of a product or service and even finds it warrants dismissal of this action. However, the Court cannot find at this stage that the call had a non-commercial purpose as a matter of law. It does not reference the conduction of market research, market surveys, political polling, or similar activities. Thus, the Court will not grant defendants' motion to dismiss on the basis of the call's status as a call not made for a commercial purpose under 47 C.F.R. § 64.1200(a)(2)(ii).[3]

---

[3] Plaintiff's counsel has submitted, "Affidavit of Mark D. Prince Pursuant to Federal Rule of Civil Procedure 56(d)" (Doc. 21). Counsel states discovery is necessary to determine whether the purpose of the call was "commercial." First, the Court notes that none of the parties have moved to stay discovery during the pendency of defendants' motion to dismiss. Further, in this Court's opinion, the purpose of a Rule 12(b)(6) motion is to determine whether a plaintiff's claims are sufficient to proceed to the discovery stage and beyond. Moreover, as explained above, the Court does not feel dismissal is warranted on a theory that the call was not made for a commercial purpose as a matter of law. Thus, plaintiff's "request" to conduct discovery is not relevant to this Court's Order.

### b. Unsolicited Advertisement

Assuming, *arguendo*, defendants made a "commercial call," it is exempt from the TCPA provided it does not contain an "unsolicited advertisement" or "telephone solicitation." *See* 47 C.F.R. § 64.1200(a)(2)(iii); 2003 Order, at ¶ 145. "Unsolicited advertisement," denotes, "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(5); 47 C.F.R. § 64.1200(f)(15). Similarly, a "telephone solicitation," includes a call made, "for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(14).

Defendants argue that because the call did not promote or advertise any product for sale, nor did it attempt to persuade or entice plaintiff to buy or invest in any commercially available product, good, or service, either now or in the future, plaintiff's claim requires dismissal. The Court is in agreement.

The FCC's 2003 Order discussed the meaning of "dual-purpose" calls, calls with a customer service element or informational component as well as a marketing component, which are prohibited under the TCPA. *See* 2003 Order, at ¶¶ 140-42. The FCC explained:

> The Commission explained in the *2002 Notice* that such messages may inquire about a customer's satisfaction with a product already purchased, but are motivated in part by the desire to ultimately sell additional goods or services. If the call is intended to offer property, goods, or services for sale either during the call, or in the future (such as in response to a message that provides a toll-free number),

that call is an advertisement. Similarly, a message that seeks people to help sell or market a business' products, constitutes an advertisement if the individuals called are encouraged to purchase, rent, or invest in property, goods, or services, during or after the call.

*Id.* at ¶ 142.

In 2005, the FCC again discussed "dual purpose" calls in its denial of the American Resort Development Association's (ARDA) request to exempt pre-recorded messages regarding timeshare opportunities. The FCC determined:

> The messages ARDA describes that purport to deliver "information only" are clearly part of a marketing campaign to encourage consumers to invest in a commercial product. As we stated in the *2003 TCPA Order*, the fact that a sale is not completed during the call or message does not mean the message does not constitute a telephone solicitation or unsolicited advertisement. Messages that describe a new product, a vacation destination, or a company that will be in "your area" to perform home repairs nevertheless are part of an effort to sell goods and services, even if a sale is not made during the call. In addition, as discussed above, messages that promote goods or services at no cost are nevertheless unsolicited advertisements because they describe the "quality of any property, goods or services."

*In the Matter of Rules and Regulations Implementing the TCPA,* 20 FCC Rcd. 3788, 3804 ¶ 39 (Feb. 18, 2005) (2005 Order).

By way of application, defendants point the Court to recent decisions of the Ninth and Sixth Circuits, *Chesbro,* 705 F.3d 913 (9th Cir. 2012), and *Leyse v. Clear Channel Broad., Inc.,* 697 F.3d 360 (6th Cir. 2012), in addition to a decision of the Missouri Court of Appeals, *Margulis v. P & M Consulting, Inc.,* 121 S.W.3d 246 (MO. App. 2003).

In *Chesbro,* the court reversed a grant of summary judgment in the retailer Best Buy's favor. The pre-recorded call at issue informed customers that their

"reward certificates" would expire soon and stated they could be re-printed on Best Buy's website. In finding the calls were not merely "informational courtesy calls," the court stated:

> We approach the problem with a measure of common sense. The robot-calls urged the listener to "redeem" his Reward Zone points, directed him to a website where he could further engage with the RZP, and thanked him for "shopping at Best Buy." Redeeming Reward Zone points required going to a Best Buy store and making further purchases of Best Buy's goods. There was no other use for the Reward Zone points. Thus, the calls encouraged the listener to make future purchases at Best Buy. Neither the statute nor the regulations require an explicit mention of a good, product, or service where the implication is clear from the context. Any additional information provided in the calls does not inoculate them.

*Chesbro,* 705 F.3d at 918. In summary, the court concluded, "these calls were aimed at encouraging listeners to engage in future commercial transactions with Best Buy to purchase its goods. They therefore constituted unsolicited advertisements, telephone solicitations, and telemarketing within the meaning of the TCPA." *Id.* at 919.

Further, in *Leyse,* the Sixth Circuit affirmed the district court's dismissal of the plaintiff's complaint under the TCPA. The call at issue was a "hybrid" call from a radio station, which both promoted the station and announced a contest generally. The court noted that the 2003 Order specifically addressed the type of call at issue. The FCC stated:

> We conclude that if the purpose of the message is merely to invite a consumer to listen to or view a broadcast, such message is permitted under the current rules as a commercial call that "does not include the transmission of any unsolicited advertisement" and under the amended rules as "a commercial call that does not include or introduce an unsolicited advertisement or constitute a telephone solicitation." The Commission reiterates, however, that messages that

>are part of an overall marketing campaign to encourage the purchase of goods or services or that describe the commercial availability or quality of any goods or services, are "advertisements" as defined by the TCPA.

*Leyse,* 697 F.3d at 365 (citing 2003 Order, at ¶ 145). The court further noted that the FCC distinguished messages that invite a consumer to listen or view a free broadcast from those that encourage programming for which a consumer must pay (e.g. cable, digital satellite, etc.). *Id.* at 366 (citing 2003 Order, at ¶ 145 n. 499).

Finally, in *Margulis,* the Missouri Court of Appeals affirmed a grant of summary judgment in favor of the consumer plaintiff under the TCPA. *See Margulis,* 121 S.W.3d at 252. The pre-recorded call offered a free vacation but stated a follow-up call was required to explain how the recipient would receive the "complimentary" vacation. *Id.* at 248. The court first determined the call was made for a commercial purpose, and then found it constituted an "unsolicited advertisement." Although the call was "one-step removed from the actual sales pitch," it was ultimately meant to convey information about commercially available services. *Id.* at 251.

In the case at hand, the Court finds that on its face, defendants' call falls under the FCC's exemptions to the TCPA. It does not constitute an "unsolicited advertisement" or "telephone solicitation." The call states it is "calling to verify" the listener "received" his or her Yellowbook phone directory. It further states the listener can "request" additional books. It does not advertise the "commercial availability or quality of any property, goods, or services," 47 U.S.C. § 227(a)(5),

or encourage "the purchase or rental of, or investment in, property, goods or services," 47 U.S.C. § 227(a)(4).

The call contains no inclination that it is "motivated in part by the desire to ultimately sell additional goods or services . . . either during the call, or in the future." 2003 Order, at ¶ 42. It does not "promote" the sale of goods or services, as the sale of goods or services is not described or even contemplated. *See* 2005 Order, at ¶ 39. Further, it does not seek people to help sell or market the Yellowbook directories, *see* 2003 Order, at ¶ 142, or describe their "quality," 2005 Order, at ¶ 39. On its face, the call is not part of a marketing campaign to sell additional products or service. Its intent is to confirm the caller's receipt of the free Yellowbook directory. The fact the Yellowbook contains advertisements does not change the call's facial character.

A sale of goods or services is not advertised, promoted, contemplated, alluded to, or encouraged. Thus, the case at hand is distinguishable from *Chesbro* and *Margulis*. The Court feels the FCC would distinguish a call that merely verifies the receipt of a free informational directory from a call that contemplates the future sale of a good or service. *See generally Leyse,* 697 F.3d at 365.

In opposition to defendants' argument that the call was not an unsolicited advertisement or a telephone solicitation, plaintiff generally reiterates his argument that the call was "commercial." The Court has stated that it cannot find the call noncommercial as a matter of law. However, on the face of the call's undisputed content, the Court finds it does not constitute an "unsolicited

advertisement" or "telephone solicitation" and is exempted under the TCPA. Prohibiting the specific call at issue would not further the residential privacy interest that the TCPA was enacted to protect. On the basis of the above, defendants' motion is granted. Further, to the extent plaintiff seeks leave to amend his complaint to allege that the call at issue is a "commercial call," constitutes an "unsolicited advertisement," "telephone solicitation," or otherwise does not fit within an FCC exemption, plaintiff's request is denied, as the Court finds the call is facially exempt from the TCPA.

## V. Conclusion

For the reasons stated above, the Court **GRANTS** defendants' motion to dismiss (Doc. 14). Plaintiff's claims are **DISMISSED with prejudice**. The Clerk is instructed to close the file and enter judgment accordingly.

**IT IS SO ORDERED**.

Signed this 6th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.06 14:36:42 -05'00'

**Chief Judge Herndon**
**United States District Court**